UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HELEN KIM, d/b/a THE TOWNHOUSE MOTEL,<br><br>                    Plaintiff,<br><br>   v.<br><br>THE CITY OF SUNNYSIDE, a Municipal Corporation, Its Officers, Agents, and Assigns,<br><br>                    Defendant. | NO: 1:23-CV-3012-TOR<br><br>ORDER DENYING MOTION TO REMAND |

BEFORE THE COURT is Plaintiff's Motion to Remand (ECF No. 5). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion to Remand (ECF No. 5) is **DENIED**.

## BACKGROUND

This matter relates to the revocation of Plaintiff's business license. Plaintiff filed a Complaint in Superior Court in the County of Yakima, Washington on

ORDER DENYING MOTION TO REMAND ~ 1

October 11, 2022.  ECF No. 5-1 at 3.  Defendant filed a Motion to Dismiss, which was granted with leave to amend.  ECF No. 6 at 2.  Plaintiff filed an Amended Complaint on January 27, 2023.  *Id.*  Defendant filed a Notice of Removal on February 1, 2023.  ECF No. 1.  Plaintiff moves to remand the matter to state court on the grounds that the amount in controversy does not meet the statutory threshold requirements and Defendant's removal is untimely.  ECF No. 5 at 2–3.  Defendant asserts the amount in controversy requirements under diversity jurisdiction do not apply and it did not become aware of Plaintiff's federal constitutional claims until Plaintiff filed the Amended Complaint.  ECF No. 6 at 3–4.

## DISCUSSION

**A. Jurisdiction**

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).  "The burden of establishing federal jurisdiction is upon the party seeking removal." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  Removal is proper if the case could have originally been filed in federal court. *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  The court "must look to the complaint as of the time the removal petition was filed" to determine whether the case could have been filed in federal court. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062,

1065 (9th Cir. 1979).  In cases where federal law creates the cause of action, "federal courts unquestionably have federal subject-matter jurisdiction." *Merced Irr. Dist. v. Cnty. of Mariposa*, 941 F. Supp. 2d 1237, 1259 (E.D. Cal. 2013) (citing *Merrell Dow Pharm., Inc. v. Thompson* ("*Merrell Dow* "), 478 U.S. 804, 809 (1986)); 28 U.S.C. § 1331.  District courts may exercise supplemental jurisdiction over related state law claims.  28 U.S.C. § 1367.

Here, the Amended Complaint states claims for federal constitutional and statutory violations.  ECF No. 6-4 at 9–10.  Accordingly, this Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.  Additionally, because Plaintiff alleges state law claims arising from "a common nucleus of operative facts," the Court may exercise supplemental jurisdiction over Plaintiff's state law claims.  *Schafer v. Sea-Land Serv., Inc.,* 11 F. App'x 951, 953 (9th Cir. 2001) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966)); 28 U.S.C. § 1367.  Defendant has properly established the basis for this Court's jurisdiction.  Plaintiff's assertion regarding the minimum amount in controversy under diversity jurisdiction is irrelevant.

**B. Timeliness**

"The [federal removal] statute provides two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant

receives a paper from which it may first be ascertained that the case is one which is or has become removable if the case stated by the initial pleading is not removable." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (internal quotations and citation omitted).

Plaintiff argues the original complaint clearly stated violations of due process and substantive rights. ECF No. 5 at 2. As such, Defendant's 30-day clock began to run when it received Plaintiff's original complaint filed on October 11, 2022. However, a review of Plaintiff's original complaint does not reveal "clearly" stated federal claims. In fact, the only mention of "due process" and "substantive rights" appears in a single sentence, and it is not clear whether Plaintiff is alleging violations of state or federal rights. ECF No. 6-1 at 5. Conversely, the Amended Complaint outlines claims for federal constitutional and statutory violations and identifies the sources of law for each claim. ECF No. 6-4 at 9–10

The Court determines Defendant could not have been on notice of Plaintiff's federal claims until it received the Amended Complaint. The Amended Complaint was filed on January 27, 2023, triggering Defendant's 30-day removal timeline. Defendant removed the action on February 1, 2023. Therefore, Defendant's removal was timely.

ORDER DENYING MOTION TO REMAND ~ 4

1    **ACCORDINGLY, IT IS HEREBY ORDERED:**

2    Plaintiff's Motion to Remand (ECF No. 5) is **DENIED**.

3    The District Court Executive is directed to enter this Order and furnish

4 copies to counsel.

5    DATED April 3, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO REMAND ~ 5